# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>         Plaintiff,<br><br>   v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>         Defendants.<br>                                                              / | CASE NO. 1:10-cv-00105-LJO-DLB (PC)<br><br>ORDER DENYING MOTION CONSTRUED AS MOTION FOR RECONSIDERATION<br><br>(Doc. 8) |

   Plaintiff Gregory McClellan ("Plaintiff") is a prisoner proceeding pro se in this civil rights action.  Plaintiff had initially been granted in forma pauperis status on January 21, 2010. On February 18, 2010, the Court revoked Plaintiff's in forma pauperis status after court records revealed that Plaintiff had accumulated three strikes pursuant to 28 U.S.C. § 1915(g).[1]  The Court ordered Plaintiff to pay the filing fee in full within 30 days or the action would be dismissed without prejudice.  Pending before the Court is Plaintiff's motion to reinstate his in forma pauperis status, filed February 26, 2010.  (Doc. 8.)  The Court construes this as a motion for reconsideration.

   Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987).  A party seeking reconsideration must set forth facts or law of a strongly

---

[1] The three cases which counted as strikes pursuant to § 1915(g) were: McClellan v. Mountain, 1:08-cv-00256-LJO-GSA PC (E.D. Cal.) (dismissed for failure to state a claim on 03/05/2009); McClellan v. Fink, 1:08-cv-01326-YNP PC (E.D. Cal.) (dismissed for failure to state a claim on 04/01/2009); and McClellan v. Haviland, 1:07-cv-01607-OWW-SMS PC (E.D. Cal.) (dismissed for failure to state a claim on 10/19/2009).

convincing nature to induce the court to reverse a prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff admits that he is the plaintiff in McClellan v. Fink and McClellan v. Mountain. Plaintiff contends, however, that McClellan v. Haviland should not count as a strike.  (Pl.'s Mot. 1.)  Plaintiff contends that he is Gregory McClellan with jail and prison identification numbers BN# 187881 and CDCR # T-89457.  (Id.) Plaintiff contends that he is not the same plaintiff in McClellan v. Haviland.

An examination of McClellan v. Haviland indicates that Plaintiff is incorrect.  The Gregory McClellan in Haviland uses the same CDCR number, T-89457, as the Plaintiff in this action.  Thus, the same plaintiff filed both actions.  Plaintiff was properly denied in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  Plaintiff is warned that representations to the court must comply with Rule 11 of the Federal Rules of Civil Procedure, including factual contentions.  The Court may sanction parties that violate Rule 11.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion, filed February 26, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:   March 2, 2010**                    /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE